**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CONSERVATION CONGRESS, | No. 15-17207 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-02250-MCE-CMK |
| v. | |
| SHARON HEYWOOD; UNITED STATES FOREST SERVICE; UNITED STATES FISH AND WILDLIFE SERVICE, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted April 17, 2017
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and DRAIN,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

This case concerns the Gemmill Thin Project to thin trees and undergrowth from portions of the Shasta-Trinity National Forest that contains substantial habitat for the Northern Spotted Owl. Conservation Congress filed a broad-gauged action in district court opposing the project as violative of several federal statutes. The district court granted summary judgment in favor of the defendant government agencies—the U.S. Forest Service and the Fish and Wildlife Service—and the supervisor of the Shasta-Trinity National Forest. Conservation Congress appeals only the dismissal of the claim that the U.S. Forest Service violated the National Forest Management Act, 16 U.S.C. § 1604.

Specifically, Conservation Congress claims that the Gemmill Thin Project violates the Land and Resource Management Plan ("LRMP") for the Shasta-Trinity National Forest. The LRMP requires any project to be "consistent" with the Revised Recovery Plan for the Northern Spotted Owl.

The Revised Recovery Plan is cast in terms of recommendations and guidelines for the protection of the spotted owl, not of mandatory directives to be strictly followed by forest managers like the U.S. Forest Service. The argument of Conservation Congress appears to be that, by requiring the Gemmill Thin Project to be "consistent" with the recovery plan, the recommendations of the recovery plan became mandatory. Conservation Congress relies on *Ecology Ctr., Inc. v.*

*Austin*, where we held that an agency that treats advisory standards as binding cannot later regard them as merely advisory, *see* 430 F.3d 1057, 1069 (9th Cir. 2005) *overruled on other grounds by The Lands Council v. McNair*, 537 F.3d 981 (9th Cir. 2008).

Here, the U.S. Forest Service did not treat the Revised Recovery Plan's recommendations as binding. Rather, it stated that the Gemmil Thin Project was "consistent with" the Revised Recovery Plan and the various recommended actions contained therein. This case is controlled by *Ecology Center v. Castaneda*, recognizing that non-binding recommendations do not become mandatory by virtue of being referenced in planning documents. *See* 574 F.3d 652, 660–61 (9th Cir. 2009). Because the Revised Recovery Plan for the Northern Spotted Owl is framed in non-binding terms, its recommendations did not become mandatory upon being referenced in the Forest Plan.

**AFFIRMED**.